UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60440-CIV-DIMITROULEAS

WILFREDO LOPEZ,                                                Magistrate Judge Snow

        Petitioner,

vs.

STATE OF FLORIDA,

        Respondent.

_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE**

THIS CAUSE is before the Court upon Petitioner's pro se petition for writ of habeas

corpus, pursuant to 28 U.S.C. § 2241 [DE 1] and the Report and Recommendation [DE 5] dated

March 21, 2011.  The Court has conducted a *de novo* review of the Report and Recommendation,

Petitioner's Objections [DE 6], the record herein, and is otherwise fully advised in the premises.

Petitioner claims that he was arrested in September 18, 2009, for aggravated assault in

state court case No. 09-01746.  Petitioner alleges he has been confined since that date and never

waived his right to a speedy trial or knowingly asked for a continuance.  He seeks release from

incarceration.  Upon review of the petition, the Magistrate Judge recommended that the Court

dismiss the petition without prejudice pursuant to Younger v. Harris, 401 U.S. 37 (1971), based

upon principles of equity, comity and federalism, in deference to the ongoing state proceedings.

Petitioner objects to the Report on the grounds that he filed a pro se motion for speedy

trial on June 23, 2010.  Petitioner also states that he did not meet his assigned counsel until

fourteen months after his arrest.

1

Younger abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal constitutional challenges. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  The Court agrees with the reasoning and analysis of the Magistrate Judge that these factors are present in the instant case and that, pursuant to Younger, the Court should not interfere in ongoing state court proceedings.

As for Petitioner's Objections [DE 6], Florida's speedy trial rule "provides the procedures through which the constitutional right to a speedy trial is enforced," and as such is a procedural device only. See R.J.A. v. Foster, 603 So.2d 1167, 1170 (Fla. 1992).  The federal district court does not sit as a court to enforce state court procedural law.  Additionally, the Court notes that, where a defendant is represented by counsel, his pro se demand for speedy trial is considered "a nullity." See, e.g., Burke v. State, 732 So.2d 1194, 1196 (Fla. 4th DCA 1999).  One remedy, if his counsel will not seek a speedy trial on his behalf, would be for the Petitioner to obtain the state court's consent in order to also represent himself, pursuant to Faretta v. California, 422 U.S. 806 (1975), and then to file his pro se speedy trial motion.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Report and Recommendation [DE 5] is hereby **ADOPTED** and

         **APPROVED**;

2.       Petitioner's pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. §

         2241 [DE 1] is hereby **DISMISSED** without prejudice;

3.      The Clerk is hereby directed to **CLOSE** this case and to **DENY** all pending

motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this

6th day of April, 2011.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record

Wilfredo Lopez, Pro Se
#580901062
PO Box 407016
Ft. Lauderdale, Fl. 33310